IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNIVERSITY OF WISCONSIN HOSPITAL
AND CLINICS AUTHORITY,

                  Plaintiff,

   v.

SOUTHWEST CATHOLIC HEALTH
NETWORK CORPORATION d/b/a
MERCY CARE PLAN,

                  Defendant.

OPINION AND ORDER

14-cv-900-wmc

---

In this civil action, plaintiff University of Wisconsin Hospital and Clinics Authority seeks payment for charges incurred in treating a patient insured by defendant Southwest Catholic Health Network Corporation d/b/a Mercy Care Plan. Before the court is defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. #7.) Because plaintiff failed to exhaust its administrative remedies as required under Arizona law -- a fact that plaintiff does not dispute -- the court lacks subject matter jurisdiction over plaintiff's claims and will, therefore, grant the motion to dismiss without prejudice.

ALLEGATIONS OF FACT

The University of Wisconsin Hospital and Clinics Authority ("UWHCA") is a Wisconsin non-profit corporation with its principal place of business in Dane County, Wisconsin. Defendant Southwest Catholic Health Network Corporation d/b/a Mercy Care Plan is an Arizona Corporation with its principal place of business in Phoenix,

Arizona. Mercy Care provides health insurance coverage, including to members enrolled in the Arizona Health Care Cost Containment System ("AHCCCS").

Amanda Durley is an adult citizen, currently residing in Arizona. Durley is AHCCCS eligible and enrolled with Mercy Care to receive health care services. AHCCCS entered into a contract to provide health care insurance to Durley through defendant Mercy Care. The complaint alleges that the contract bore the subscriber identification number A76320106-002, but that "[a] copy of the policy is in the possession of the Defendant and is therefore not attached hereto." (Compl. (dkt. #1-1) ¶ 6.)

On or about August 12, 2012, Durley was admitted to the UWHCA as a direct in-patient transfer from a hospital in Rockford, Illinois. From that date until September 4, 2012, UWHCA provided medical treatment to Durley. UWHC submitted at bill to Mercy Care in the amount of $140,835.38, reflecting charges incurred in providing medical treatment to Durley. Mercy Care denied coverage because the "services were not provided or authorized by designated providers." (*Id.* at ¶ 10.)

Following the denial, UWHCA "submitted several appeals through the appeals process, asking that authorization be granted, but those appeals were denied." (*Id.* at ¶ 11.) To date, Mercy Care has made no payment toward the amount owed.

Plaintiff asserts claims for breach of an implied-in-fact contract, breach of quasi contract and unjust enrichment, breach of implied covenant of good faith, and a claim for interest under Wis. Stat. § 628.46.

OPINION[1]

Defendant seeks dismissal of this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Since plaintiff has failed to exhaust its claim administratively, this court lacks subject matter jurisdiction over this action. However, the court need not, indeed, cannot, reach the merits of defendant's motion to dismiss pursuant to Rule 12(b)(6). *See Bradley v. Sabree*, No. 14-2821, 594 Fed. Appx. 881, 883 (7th Cir. Feb. 23, 2015) ("Jurisdiction comes first, however, and so we begin (and end) with the dismissal under Rule 12(b)(1)."); *G & S Holdings LLC v. Continental Cas. Co.*, 697 F.3d 534, 543 (7th Cir. 2012) ("There was no reason to consider whether the claims could survive the Rule 12(b)(6) standard as against Continental, because those claims had already been dismissed under Rule 12(b)(1).").[2]

Defendant argues, and plaintiff essentially agrees, that the court lacks subject matter jurisdiction over plaintiff's claims if plaintiff failed to exhaust its administrative remedies as required under Arizona law. Ariz. Admin. Code §§ R9-34-401-405. (*See* Def.'s Opening Br. (dkt. #8) 5-6 & 5 n.2; Pl.'s Opp'n (dkt. #11) 5 (acknowledging that "[t]he legislation that established AHCC[C]S requires exhaustion").) In response,

---

[1] The court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Plaintiff is a citizen of Wisconsin; defendant is a citizen of Arizona; and the amount in controversy exceeds $75,000. (Not. of Removal (dkt. #1) ¶¶ 9-16.)

[2] If the court were to reach the other bases of dismissal, plaintiff provided *no* response to defendant's Rule 12(b)(6) motion. This failure is indicative of the oft repeated concerns raised by plaintiff's persistence with frivolous claims in this case and in other recent cases brought by UWHCA in this court or removed to this court by defendants. The next such example is likely to result in an order to show cause why UWHCA or its counsel should not be sanctioned.

3

plaintiff simply asserts -- consistent with the allegations in its complaint -- that it *attempted* to obtain reimbursement from Mercy Care, including appeal of that initial denial, but then acknowledges that it failed to exhaust its administrative remedies by appealing Mercy Care's denial to AHCCCS, a state agency external to defendant. (Pl.'s Opp'n (dkt. #11) 5.)

Plaintiff's sole opposition to defendant's motion rests, therefore, on its argument that exhaustion would have been futile: "A further appeal of the decision by Mercy Care would not have resulted in a different decision, because Mercy Care denied despite its own notes indicating that UWHC was an eligible provider and that the claim was authorized." (Pl.'s Opp'n (dkt. #11) 5.) There are at least two problems with plaintiff's response. First, UWHCA fails to appreciate, or at least acknowledge, that the exhaustion provision under Arizona law requires appeal to the AHCCCS administration, which is *external* to Mercy Care's own appeal process. Second, and even more problematic, to demonstrate that the appeal would be futile, UWHCA must prove "it is certain that its claim will be denied on appeal, not merely that [it] doubts that an appeal will result in a different decision." *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996). Indeed, if plaintiff is correct that Mercy Care refused to pay its invoiced bill despite recognizing that the claim was authorized, then plaintiff likely would have been successful in a timely appeal to the AHCCCS.

Finally, defendant seeks dismissal with prejudice, but the law is clear that dismissal for failure to exhaust is without prejudice. *See Evans v. Greenfield Banking Co.*, 774 F.3d 1117, 1119 (7th Cir. 2014) (affirming district court's

4

dismissal without prejudice where the court "lacked jurisdiction to decide the claims in the complaint because the plaintiffs had not exhausted their administrative remedies"); *Farmer v. Levenson*, No. 01–2186, 79 Fed. Appx. 918, 921, 2003 WL 22473862, at *3 (7th Cir. Oct. 30, 2003) ("[W]hen a suit is dismissed for a plaintiff's failure to comply with a precondition to the court's consideration of the merits– e.g., lack of subject matter jurisdiction–that dismissal should be made without prejudice."). While it appears that any effort to appeal now may be time-barred (Def.'s Opening Br., Ex. 2 (dkt. #8-2), that is different than the appeal having been futile if timely pressed. Regardless, it is for the AHCCCS to determine if UWHCA is now barred from pursuing an appeal given its failure to seek a hearing within the thirty-day period provided under the regulations as communicated by defendant in a letter denying plaintiff's internal appeal.

## ORDER

IT IS ORDERED that:

1) Defendant Southwest Catholic Health Network Corporation d/b/a Mercy Care Plan's motion to dismiss (dkt. #7) is GRANTED.

2) Plaintiff's claims are dismissed without prejudice.

3) The clerk of court is directed to close this case.

Entered this 31st day of March, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge